**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By: John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel.: (973) 314-8010 / Fax: (833) 693-1201
JAtkin@atkinfirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 71.172.26.84,<br><br>Defendant. | Civil Case No. 2:25-cv-03733-JKS-MAH<br><br>***Document Filed Electronically***<br><br>**Motion Date: August 4, 2025** |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DOE'S MOTION TO PROCEED ANONYMOUSLY AND FOR A PROTECTIVE ORDER

Of Counsel and on the brief:
John C. Atkin, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................1

RELEVANT FACTUAL & PROCEDURAL BACKGROUND............................2

STANDARD OF REVIEW ................................................................4

    I.     Motion to Litigate Under a Pseudonym ..................................4

    II.    Motion to Seal ................................................................6

    III.   Motion For a Protective Order ............................................7

LEGAL ARGUMENT ......................................................................8

    I.     Doe's Motion to Use a Pseudonym (and to Seal) Should Be Denied........8

    II.    Doe's Motion for a Protective Order Should Be Denied .........................12

CONCLUSION ............................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Cobbler Nevada LLC v. Gonzalez*,
  901 F.3d 1142 (9th Cir. 2018) ...............................................................2

*Courthouse News Serv. v. Corsones,*
  131 F.4th 59 (2d Cir. 2025) ...................................................................7

*Dluhos v. Strasberg*,
  321 F.3d 365 (3d Cir. 2003) ...................................................................4

*Doe v. Cap. Health Sys. Inc.*,
  No. 23-2882, 2024 WL 175947 (3d Cir. Jan. 11, 2024)........................6

*Doe v. Coll. of New Jersey*,
  997 F.3d 489 (3d Cir. 2021) ...................................................................6

*Doe v. Combs*,
  No. 24-7776, 2025 WL 1079038 (S.D.N.Y. Apr. 9, 2025)..................13

*Doe v. Evans*,
  202 F.R.D. 173 (E.D. Pa. 2001).............................................................13

*Doe v. Hillsborough Twp. Bd. of Ed.*,
  No. 23-22597, 2024 WL 4028293 (D.N.J. Aug. 30, 2024)..................11

*Doe v. Los Angeles Unified Sch. Dist.*,
  No. 16-305, 2017 WL 797152 (C.D. Cal. 2017) ....................................9

*Doe v. Megless*,
  654 F.3d 404 (3d Cir. 2011) ....................................................... *passim*

*Doe v. Roman Cath. Diocese of Greensburg*,
  No. 20-1750, 2021 WL 12137383 (D.D.C. Feb. 12, 2021)..................13

*Doe v. Weinstein*,
  484 F. Supp. 3d 90 (S.D.N.Y. 2020) ...................................................11

*Garvin v. City of Philadelphia*,
  354 F.3d 215 (3d Cir. 2003) ...................................................................8

*Glacier Films (USA), Inc. v. Turchin*,
  896 F.3d 1033 (9th Cir. 2018) ...............................................................2

*Grohs v. Yatauro*,
  984 F. Supp. 2d 273 (D.N.J. 2013)..........................................................4

*Hampshire v. Bard*,
  793 Fed. Appx. 75 (3d Cir. 2019)............................................................7

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
  924 F.3d 662 (3d Cir. 2019) ..............................................................6, 7

*In re Cendant Corp.*,
  260 F.3d 183 (3d Cir. 2001) ...................................................................6

*Malibu Media, LLC v. Doe*,
No. 13-365, 2014 WL 7188822 (D. Md. Dec. 16, 2014) .......................................3

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) .......................................................................................8

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) .............................................................................7

*Publicola v. Lomenzo*,
54 F.4th 108 (2d Cir. 2022) ............................................................................4

*Roman v. City of Reading*,
257 F. Supp. 2d 799 (E.D. Pa. 2003) ...............................................................4

*Strike 3 Holdings, LLC v. Doe*,
637 F. Supp. 3d 187 (D.N.J. 2022) ........................................................ 5, 9, 12

*Strike 3 Holdings, LLC v. Doe*,
No. 18-12585, 2019 WL 5446239 (D.N.J. Oct. 24, 2019) .................................10

*Strike 3 Holdings, LLC v. Doe*,
No. 18-12585, 2020 WL 3567282 (D.N.J. June 30, 2020) ..................................3

*Strike 3 Holdings, LLC v. Doe*,
No. 18-12609, D.E. 16 (D.N.J. June 27, 2019) ...............................................10

*Strike 3 Holdings, LLC v. Doe*,
No. 18-16593, 2019 WL 4745360 (D.N.J. Sept. 30, 2019)...............................10

*Strike 3 Holdings, LLC v. Doe*,
No. 18-2637, 2019 WL 935390 (E.D. Cal. Feb. 26, 2019) .................................2

*Strike 3 Holdings, LLC v. Doe*,
No. 19-10252, 2020 WL 5525549 (D.N.J. Sept. 14, 2020)............................7, 10

*Strike 3 Holdings, LLC v. Doe*,
No. 22-1166, 2022 WL 17582574 (M.D. Fla. Dec. 12, 2022) ...........................10

*Strike 3 Holdings, LLC v. Doe*,
No. 23-2143, D.E. 8 (D.N.J. July 25, 2023) ..................................................6, 12

*Strike 3 Holdings, LLC v. Doe*,
No. 23-23380, D.E. 23 (D.N.J. Sept. 4, 2024).................................................12

*Strike 3 Holdings, LLC v. Doe*,
No. 24-10042, D.E. 13 (D.N.J. Jan. 30, 2025) ...............................................8, 10

*Strike 3 Holdings, LLC v. Doe*,
No. 24-8183, 2025 WL 882212 (C.D. Cal. Jan. 22, 2025)..................................9

*Strike 3 Holdings, LLC v. Doe*,
No. 24-9433, 2025 WL 37614 (D.N.J. Jan. 7, 2025) ......................................4, 11

*Strike 3 Holdings, LLC v. Doe*,
No. 25-410, D.E. 16 (C.D. Cal. Jun. 16, 2025) ..................................................9

*U.S. v. Janssen Therapeutics*,
795 Fed. Appx. 142 (3d Cir. 2019)......................................................... 5, 6, 11

iv

**Statutes**

28 U.S.C. § 455 ......................................................................................................9

47 U.S.C. § 551 .................................................................................................2, 3

28 U.S.C. § 1746 ....................................................................................................9

**Rules**

Fed. R. Civ. P. 10 ..................................................................................................4

Fed. R. Civ. P. 11 ...............................................................................................8, 9

Fed. R. Civ. P. 26 ..................................................................................................7

L. Civ. R. 5.3 ....................................................................................................6, 12

## PRELIMINARY STATEMENT

Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), by and through its attorney, The Atkin Firm, LLC, respectfully submits this Memorandum of Law in Opposition to the Motion to Proceed Anonymously and for a Protective Order ("Motion") [D.E. 7] filed by John Doe Subscriber assigned IP address 71.172.26.84's ("Doe").

Doe has not sought to quash the ISP subpoena or otherwise prevent Plaintiff from learning his identity. Accordingly, at this time, Plaintiff takes "no position" on Doe's requests to (1) proceed under a pseudonym on the public docket, D.E. 7-3 at ¶1, and (2) require Plaintiff to file any documents identifying Doe under seal, *id.* at ¶3, but Plaintiff reserves the right to seek modification of any protective order if this matter reaches trial and/or the entry of judgment. Nevertheless, because Doe is proceeding *pro se* and seeks relief implicating the public's right to open courts, Plaintiff respectfully notes that Doe's requests should be denied and addresses the merits of Doe's requests to assist the Court.

Plaintiff opposes Doe's Motion to the extent it seeks a protective order prohibiting Plaintiff from "disclosing, publishing, or otherwise disseminating any information that could reasonably be used to identify" Doe. D.E. 7-3 at ¶2. Doe has failed to meet his burden that this relief is appropriate, which would prejudice Plaintiff by impeding its ability to conduct discovery to prove its claim and negate Doe's affirmative defenses.

1

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

This is an Internet piracy case. Plaintiff is part of a creative enterprise that produces award-winning adult films that are protected by copyright. Rather than pay to acquire access to these films legally, many individuals use the BitTorrent protocol—which hides their identity by revealing only their IP address—to download and distribute Plaintiff's films.

Although BitTorrent infringement suits "fit[] squarely within the tradition of copyright enforcement," and Congress "contemplate[d] that suits like this" would occur, *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1040, 1041 (9th Cir. 2018), the anonymity afforded by the BitTorrent protocol, along with the qualified privacy interest for subscriber data created by the *Cable Communications Policy Act of 1984*, 47 U.S.C. § 551 *et seq.*, presents a unique technological obstacle. The only lawful way that Plaintiff (and all other copyright holders) have of directly combating this mass infringement is to discover the name of the person assigned the IP address, *Glacier Films*, 896 F.3d at 1036, and then determine whether Plaintiff can further identify that person (or someone else) as the infringer. *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142, 1147 (9th Cir. 2018); *Strike 3 Holdings, LLC v. Doe*, No. 18-2637, 2019 WL 935390, at *4 (E.D. Cal. Feb. 26, 2019) ("*Cobbler*[] did not disturb the Ninth Circuit's decision in *Glacier Films*"). Rightsholders can only do that by obtaining court authorization to serve a subpoena on the ISP to identify the

subscriber, 47 U.S.C. § 551, *et seq.*, which first requires that suit be filed naming the subscriber as the placeholder defendant. *See Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, at *4–8, *11 (D.N.J. June 30, 2020); *Malibu Media, LLC v. Doe*, No. 13-365, 2014 WL 7188822, at *6–9 (D. Md. Dec. 16, 2014).

Accordingly, after Plaintiff collected evidence that IP address 71.172.26.84 was being used to download and distribute 32 of its works over several months, Plaintiff filed suit against a John Doe party, D.E. 1, and promptly sought—and this Court granted—leave to conduct limited early discovery to identify the subscriber assigned the IP address used to engage in this infringement. D.E. 5, 6. This information is necessary, relevant, and proportional to the needs of this case: without the subscriber's identity, Plaintiff cannot confirm the subscriber's role in the infringement (including determining whether other individuals exist with sufficient access to the IP address during the period of infringement and, thus, *might* plausibly either be the "true" infringer, or additional infringers), amend its pleading to further identify the infringer (beyond their affiliation with the IP address), and serve process. In granting this relief, the Court directed that "Plaintiff shall limit its use of the information in this litigation." D.E. 6 at 4.

On June 5, 2025, Plaintiff served the subpoena on the ISP and anticipates that it will receive a response on or about August 5, 2025. Certification of John C. Atkin, Esq. ("Atkin Cert.") at ¶2. On June 30, 2025, Doe filed this Motion. D.E. 7.

<u>**STANDARD OF REVIEW**</u>

Motion papers filed by *pro se* litigants must be construed liberally. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). This standard, however, does not excuse compliance with the rules of civil procedure, nor requires that the Court credit bald assertions and legal conclusions. *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013); *Roman v. City of Reading*, 257 F. Supp. 2d 799, 801 (E.D. Pa. 2003).

## I.    Motion to Litigate Under a Pseudonym

"A core component of the American judicial system is that judicial proceedings should be conducted in public." *Strike 3 Holdings, LLC v. Doe*, No. 24-9433, 2025 WL 37614, at *2 (D.N.J. Jan. 7, 2025) (Hammer, J.) (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)). To that end, Rule 10(a) directs that the complaint must "name all the parties." "This requirement, though seemingly pedestrian, serves several vital purpose[s] . . . [and] [t]herefore, the general requirement of disclosure of the names of parties cannot be set aside lightly." *Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022) (citation and internal quotation marks omitted). Only in "exceptional cases" may a party overcome the "thumb on the scale that is the universal interest in favor of open judicial proceedings," by making a three-part showing. *Megless*, 654 F.3d at 408, 411.

First, the party must show "a fear of severe harm," and second, that "the fear of severe harm is reasonable." *Id.* at 408. Importantly, "[t]hat a [party] may suffer

4

embarrassment or economic harm is not enough" to meet this burden, *id.*, and "courts do not simply presume severe harm." *Strike 3 Holdings, LLC v. Doe*, 637 F. Supp. 3d 187, 197 (D.N.J. 2022). Finally, "once a litigant makes this initial showing," the Court must then balance the party's "interest and fear against the public's strong interest in an open litigation process." *U.S. v. Janssen Therapeutics*, 795 Fed. Appx. 142, 144 (3d Cir. 2019) (citing *Megless*, 654 F.3d at 408). "In this balancing test, there are several factors that would favor the grant of anonymity and several that would disfavor it." *Id.* at 144–45. The pro-anonymity factors include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (citation omitted). The anti-anonymity factors include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (citation omitted). "The *Megless* factors require a fact-specific, case-by-case

analysis," *Doe v. Coll. of New Jersey*, 997 F.3d 489, 495 (3d Cir. 2021), because "[o]ur legal system operates under a strong presumption of public proceedings and publicly filed documents, including the names of the parties filing the documents." *Doe v. Cap. Health Sys. Inc.*, No. 23-2882, 2024 WL 175947, at *1 (3d Cir. Jan. 11, 2024) (citing *Megless*, 654 F.3d at 408).

## II.    Motion to Seal

While a requirement to seal documents that contain Doe's identity is logical to fulfill a pseudonym order (if granted), and parties may file documents under *temporary* seal on their own initiative, L. Civ. R. 5.3(c); *Strike 3 Holdings, LLC v. Doe*, No. 23-2143, D.E. 8 at *4–6 (D.N.J. July 25, 2023), *permanent* sealing of documents implicates an additional standard. *See Janssen Therapeutics*, 795 Fed. Appx. at 145–46. To overcome the common law presumption of openness to seal judicial records, the party seeking sealing must make an adequate showing to enable the Court to (1) articulate "the compelling, countervailing interests to be protected," (2) make "specific findings on the record concerning the effects of disclosure," and (3) "provide[ ] an opportunity for interested third parties to be heard." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672–73 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)) (emphasis omitted).

In addition, a First Amendment right to public access, which "requires a much higher showing than the common law right [of] access" to overcome, attaches where

6

"the place and process have historically been open to the press" and "public access plays a significant positive role in the functioning of the particular process in question." *Id.* at 673 (citations omitted). However, the Court need not reach the constitutional question where the common law right affords sufficient protection. *Id.* at 679–80. *Cf. Courthouse News Serv. v. Corsones,* 131 F.4th 59 (2d Cir. 2025) (recognizing First Amendment right to access complaints in civil matters).

## III.    Motion For a Protective Order

Rule 26(c) provides that a Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" "[A] party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause" exists when disclosure will result in a "clearly defined and serious injury to the party seeking the protective order." *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Id.* (citation omitted). Protective orders in these matters ultimately seek to "strik[e] a balance between the privacy concerns raised by Defendant and the need for Plaintiff to pursue its claims." *Strike 3 Holdings, LLC v. Doe*, No. 19-10252, 2020 WL 5525549, at *6 (D.N.J. Sept. 14, 2020) (Hammer, J.); *see Hampshire v. Bard*, 793 Fed. Appx. 75, 79 n.3 (3d Cir. 2019).

## LEGAL ARGUMENT

### I.    Doe's Motion to Use a Pseudonym (and to Seal) Should Be Denied

Doe's motion does not meet the burdens to justify using a pseudonym or require the sealing of documents and should be denied for (at least) six reasons.

First, Doe's Motion is "premature" and "may be denied without prejudice on this basis alone" because Plaintiff has not yet learned Doe's identity from the ISP and "may determine that [Doe] is not the infringing individual and will amend the complaint to identify [a different] alleged infringer by name." *Strike 3 Holdings, LLC v. Doe*, No. 24-10042, D.E. 13 at *11–12 n.5 (D.N.J. Jan. 30, 2025); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) ("Replacing the name John Doe with a party's real name amounts to the changing of a party[.]").

Second, rather than file signed copies of his motion papers with redactions (and unredacted copies filed under temporary seal), Doe submitted his motion papers unsigned, *cf.* Fed. R. Civ. P. 11(a), and (upon information and belief) has not

provided his identity to the Court.[1] This prevents the Court from verifying the accuracy of Doe's assertions, ensuring compliance with Rule 11 and 28 U.S.C. § 1746, *see Doe v. Los Angeles Unified Sch. Dist.*, No. 16-305, 2017 WL 797152, at *9 (C.D. Cal. 2017), and fulfilling the Court's own obligations. *See* 28 U.S.C. § 455.

Third, Doe's boilerplate concerns of community stigma and reputational harm are clearly insufficient to show "severe harm." *Megless*, 654 F.3d at 408. "[I]t certainly cannot be the case that anonymity is warranted for every defendant sued by Plaintiff simply because Plaintiff's copyrighted works are adult films, legal in all respects other than how the defendants in these cases obtained and/or shared them via the BitTorrent protocol." *Strike 3*, 637 F. Supp. 3d at 196–97. "[I]t is Defendant's burden to demonstrate that his is the exceptional case and that his unique factual circumstances provide a reasonable basis to fear some extraordinary harm. Merely stating that his reputation would be irreparably tarnished . . . does not meet the threshold for anonymity."[2] *Id.* at 197.

Fourth, as this Court has previously recognized, Doe's argument that there is

---

[1] Plaintiff notes that Doe's motion papers refer to Exhibits A–M, which Doe emailed to Plaintiff, with redactions, on or about June 30, 2025. Atkin Cert. ¶3. It is unclear why the motion docketed at D.E. 7 does not include these redacted exhibits.

[2] Moreover, Plaintiff notes that two decisions in Doe's brief, *Malibu Media, LLC v. Doe,* 2014 WL 6474086 (D.N.J. Nov. 18, 2014 and *Strike 3 Holdings, LLC v. Doe,* No. 20-14396 (D.N.J. 2021, cited at D.E. 7-1 at 3–4, 7, appear to be "fake" cases. *See Strike 3 Holdings, LLC v. Doe*, No. 25-410, D.E. 16, at 2 n.1 (C.D. Cal. Jun. 16, 2025) (admonishing defendant for citing AI-generated cases); *Strike 3 Holdings, LLC v. Doe*, No. 24-8183, 2025 WL 882212, at *3 (C.D. Cal. Jan. 22, 2025) (same).

a "likelihood that plaintiff may attempt to publicize or otherwise leverage the defendant's identifying information," D.E. 7-1 at 7, is "entirely speculative and unsupported." *Strike 3*, 2020 WL 5525549 at *4 (Hammer, J.).[3] Indeed, to account for this canard, Plaintiff's earlier proposed order suggested limiting use of the ISP's response "for the purpose of protecting and enforcing Plaintiff's rights," and imposing prophylactic restrictions on settlement communications. D.E. 5-5 at 3–4.

Fifth, while Doe references (but apparently has not included) redacted exhibits regarding his medical condition(s) and his wife's pregnancy, he provides only speculation to support his fear that these conditions "would likely" or "could" worsen if Doe is required to defend this action under his own name. *See* D.E 7-2 at p.4 ¶¶2–3, p.5 ¶2.[4] Although there does not appear to be any reason to "doubt the veracity of [Doe]'s assertions" that these conditions exist, *Strike 3 Holdings, LLC v. Doe*, No. 22-1166, 2022 WL 17582574, at *1 (M.D. Fla. Dec. 12, 2022), Doe's conclusory assertions are insufficient to establish the reasonableness of Doe's fear that they will worsen if he is identified as the defendant. "Without corroboration

---

[3] *See also Strike 3*, No. 24-10042, D.E. 13 at *18–19; *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2019 WL 5446239, at *6 (D.N.J. Oct. 24, 2019), *rev'd on other grounds*, 2020 WL 3567282 (D.N.J. June 30, 2020); *Strike 3 Holdings, LLC v. Doe*, No. 18-16593, 2019 WL 4745360, at *6 (D.N.J. Sept. 30, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-12609, D.E. 16 at *6 (D.N.J. June 27, 2019).

[4] Plaintiff notes that it will not be able to amend its pleadings—if at all—until well after Doe's wife's expected delivery due date identified in Ex. L of Doe's redacted exhibits. *See* Atkin Cert. at ¶2.

from medical professionals . . . [a] general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support [a] motion to proceed under a pseudonym[.]" *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) (citation omitted); *see Doe v. Hillsborough Twp. Bd. of Ed.*, No. 23-22597, 2024 WL 4028293, at *8 (D.N.J. Aug. 30, 2024) (denying pseudonym order because a party's "fear that disclosure of his identity will exacerbate his and spouse's alleged anxiety, depression, and mental health issues is speculative and not reasonable").

Sixth, even if the Court finds Doe has satisfied his threshold burden(s) of showing a fear of severe harm that is reasonable, it must then balance Doe's "interest and fear against the public's strong interest in an open litigation process." *Janssen Therapeutics*, 795 Fed. Appx. at 144 (citing *Megless*, 654 F.3d at 408). This Court recently performed that analysis in *Strike 3 Holdings, LLC v. Doe*, No. 24-9433, 2025 WL 37614 (D.N.J. Jan. 7, 2025) (Hammer, J.). While the Court might examine the first and second pro-anonymity factors differently here (because Doe's identity has been kept confidential and Doe has attempted to make a showing of harm), the remaining four pro-anonymity factors appear to be absent and/or inapplicable, and the first anti-anonymity factor appears to be present (while the second and third anti-anonymity factors appear to be absent and/or inapplicable). *Id.* at *3–6.

Finally, it is important to note that Doe never contacted Plaintiff before filing this Motion. If he had, Plaintiff would have explained that in this District Plaintiff

11

can no longer seek sealing (or pseudonym use) itself, because doing so might be criticized as a "cause for concern" that Plaintiff is seeking to "shroud the enforcement of [its copyrights] in secrecy." *Strike 3*, 637 F. Supp. 3d at 199–200. However, when requested to do so by a defendant, Plaintiff is amenable to filing amended pleadings and other documents under temporary seal, pursuant to L. Civ. R. 5.3(c), so that the defendant can make the requisite showings to seal documents and appear under a pseudonym. *See Strike 3 Holdings, LLC v. Doe*, No. 23-23380, D.E. 23 (D.N.J. Sept. 4, 2024); *see also Strike 3*, No. 23-2143, D.E. 8 at *6.

Accordingly, while Plaintiff takes "no position" at this time on Doe's requests to (1) proceed under a pseudonym on the public docket, and (2) require Plaintiff to file any documents identifying Doe under seal, Plaintiff respectfully notes those requests should be denied.

## II.  Doe's Motion for a Protective Order Should Be Denied

Doe provides only broad allegations of harm to justify limiting Plaintiff's "disclosing" his identity in this litigation, such as "unwanted scrutiny or harm from neighbors or members of the broader community," D.E. 7-2 at p.6, ¶4, and suggests a protective order would not prejudice Plaintiff because it would "not impede discovery." D.E. 7-1 at 6. However, Doe also asserts that he lives in a "multifamily residential building, where multiple individuals and households have access to the premises and, potentially, to the internet connection associated with the subject IP

address," and that his "living situation is such that there are numerous other residents in close proximity, which increases the likelihood that others could have accessed or used the internet service assigned to my account." D.E. 7-2 at p.2, ¶¶2–3.

Doe cannot use a protective order as both a sword and shield. Plaintiff must be able to "disclos[e]" Doe's name to third-parties to conduct discovery to prove its claim and negate Doe's affirmative defenses. Doe's proposed protective order would impede Plaintiff's ability to obtain relevant evidence by serving subpoenas, conducting depositions, and even consulting with its experts.[5]

Accordingly, Plaintiff respectfully submits that the Court's *existing* order, directing Plaintiff to generally "limit its use of the information in this litigation," D.E. 6 at 4, is sufficient and, therefore, Doe's request for further limits on Plaintiff "disclosing, publishing, or otherwise disseminating any information that could reasonably be used to identify" should be denied.

---

[5] *Compare Doe v. Combs*, No. 24-7776, 2025 WL 1079038, at *3 (S.D.N.Y. Apr. 9, 2025) (denying pseudonym order due (in part) to prejudice to defendant's ability to obtain discovery from third-parties) (citing cases); *Doe v. Evans*, 202 F.R.D. 173, 176 n.12 (E.D. Pa. 2001) (granting pseudonym order, but denying protective order that would "chill" defendant's "ability to conduct discovery" from third-parties), *with Doe v. Roman Cath. Diocese of Greensburg*, No. 20-1750, 2021 WL 12137383, at *9 (D.D.C. Feb. 12, 2021) (granting pseudonym order and noting that "Plaintiff has not requested any limitations on the Defendants' ability to conduct discovery in this case; rather, Plaintiff's request is limited to asking that his identity not be revealed in public Court filings or on the case caption").

## <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff Strike 3 Holdings, LLC, respectfully requests that the Court deny, without prejudice, Doe's Motion to Proceed Anonymously and for a Protective Order [D.E. 7].

DATED: July 2, 2025                    Respectfully submitted,

By:    <u>*/s/ John C. Atkin, Esq.*</u>
         JOHN C. ATKIN

14