**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By:   John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel: (973) 314-8010 / Fax: (833) 693-1201
JAtkin@AtkinFirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 71.172.26.84,<br><br>Defendant. | Case No. 2:25-cv-03733-JKS-MAH<br><br>**CERTIFICATION OF<br>JOHN C. ATKIN, ESQ.** |

**JOHN C. ATKIN,** Esquire, of full age, states:

1.      I am an attorney-at-law in the State of New Jersey, admitted to practice before the United States District for the District of New Jersey, and a member of The Atkin Firm, LLC, counsel for Strike 3 Holdings, LLC ("Plaintiff") in the above-captioned matter.  I make this certification based on personal knowledge in support of Plaintiff's motion for an extension of time within in which to effectuate service of process in this matter, pursuant to Federal Rule of Civil Procedure 4(m).

2. This is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. John Doe's true identity is known only by his Internet service provider ("ISP").

3. On May 1, 2025, Plaintiff filed its initial complaint, asserting claims of copyright infringement, pursuant to 17 U.S.C. § 101, et seq. D.E. 1.

4. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff is required to effectuate service of process no later than July 30, 2025.

5. On May 9, 2025, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference seeking leave to serve a third-party subpoena, D.E. 5, which the Court granted on June 2, 2025. D.E. 6.

6. On June 5, 2025, Plaintiff served the subpoena on the ISP and anticipates that it will receive a response on or about August 5, 2025.

7. On June 30, 2025, John Doe subscriber assigned IP address 71.172.26.84 ("Doe") filed a motion to proceed anonymously and for a protective order ("Motion for Protective Orders") [D.E. 7].

8. Doe has not filed a motion to quash the court-authorized subpoena.

9. Plaintiff respectfully submits that there is "good cause" for a mandatory extension because Plaintiff has (1) acted in good faith and diligently pursued early

discovery to identify the subscriber,[1] (2) sought this extension within the service period,[2] and (3) cannot serve process until it receives the ISP's subpoena response.[3]

10. Typically, a plaintiff will know the identity of the defendant at the outset of a lawsuit and may begin service efforts at the beginning of the 90-day period provided by Rule 4(m). However, in this matter, the infringer utilized the BitTorrent protocol to infringe on Plaintiff's works, which hid their identity by revealing only the IP address used to engage in this infringement.

11. Accordingly, Plaintiff cannot begin its service efforts in this matter until after (a) the Court authorizes early discovery, (b) the ISP responds to that discovery, and (c) Plaintiff can investigate the ISP's response and determine whether it can identify the subscriber (or someone else) as the appropriate defendant in this matter. And even once the appropriate defendant is identified, Plaintiff must draft and file

---

[1] "[T]he identity of the defendant is critical to the ability of the plaintiff to serve process on defendant and proceed with the litigation." *Malibu Media, LLC v. John Does 1-15,* No. 12-2077, 2012 WL 3089383, *8 (E.D. Pa. July 30, 2012); *see also Strike 3 Holdings, LLC v. Doe*, No. 20- 3040, 2021 WL 3021459, at *4 (D.D.C. July 16, 2021) ("Identifying the infringer, so that the civil case may proceed, is essential for Strike 3 to vindicate its rights and thwart the large-scale piracy of its films.").

[2] *See Boley v. Kaymark,* 123 F.3d 756 (3d Cir. 1997); *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995); *Cunningham v. New Jersey*, 230 F.R.D. 391, 393 (D.N.J. 2005); *Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, No. 16-7720, 2017 WL 4074284, at *5 (D.N.J. Sept. 14, 2017).

[3] *See Strike 3 Holdings, LLC*, No. 24-10042, D.E. 12 at *4–5 (D.N.J. Jan. 24, 2025).

its amended pleadings to replace the Doe party,[4] obtain summons from the Clerk, and effect service of process.

  12. Plaintiff further respectfully submits that, in addition to showing "good cause" for a mandatory extension, most of the factors[5] that courts analyze to decide whether to grant a discretionary extension also weigh in favor of an extension here:

  a. Doe clearly has actual notice of this action, since he has filed a Motion for Protective Orders, *see* D.E. 7;

  b. Doe would suffer no impairment of the ability to defend by the grant of this extension[6];

  c. Although Doe is not (yet) evading service in the classic sense, he has hidden his identity using the BitTorrent protocol;

  d. Plaintiff is represented by counsel and, therefore, can make sure service is properly made[7]; and

---

[4] *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).

[5] *Jumpp v. Jerkins,* No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010).

[6] *Boley,* 123 F.3d at 759; *Acclaim Sys., Inc. v. Infosys, Ltd.*, No. 13-7336, 2015 WL 4257463, at *9 (E.D. Pa. July 14, 2015).

[7] *See Leiva v. Sec'y of Dep't of Homeland Sec.*, No. 11-629, 2012 WL 1191144, at *6 (D.N.J. Apr. 10, 2012); *see Hardina v. Panera Bread Cadle, LLC*, No. 11-1527, 2012 WL 1607397, at *3 (W.D. Pa. May 8, 2012).

    e. Granting the extension will further the Third Circuit's preference for deciding cases on the merits, rather than procedural technicalities.[8]

13. However, Plaintiff acknowledges that the fact that the statute of limitations has not expired is a factor that "[n]ormally" weighs against an extension.[9] *See* 17 U.S.C. § 507 (three-year statute of limitations for copyright actions).

14. Plaintiff respectfully requests that the time within which it is required to effect service be extended sixty (60) days from *the later* of (1) the date when Plaintiff expects to receive the ISP response (August 5, 2025), and (2) the date when the Court issues an Order resolving the Motion for Protective Orders [D.E. 7].[10]

15. This extension should provide Plaintiff with sufficient time to receive the ISP's subpoena response; complete its investigation to confirm the identity of the infringer; amend its pleadings and complete the preparation of all ancillary documents; obtain summons from the Clerk; and place the summons and Amended Complaint with the process server to attempt service of process.

---

[8] *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

[9] *Petrucelli v. Bohringer and Ratzinger, GMBH*, 46 F.3d 1298, 1304 n.6 (3d Cir. 1995)

[10] *See Strike 3 Holdings, LLC v. Doe*, No. 24-cv-9433, D.E. 10 (D.N.J. Dec. 5, 2024) (Hammer, J.) (granting extension of Rule 4(m) service deadline to date 60-days after the Court resolves pending motion to quash and for entry of a protective order).

16. The extension will also ensure that Plaintiff is not required to file its amended pleadings and seek issuance of a summons from the Clerk, a prerequisite to effect service of process, *see* Fed. R. Civ. P. 4(a), before the Court addresses whether to impose any of the protections/restrictions requested by Doe.[11]

17. This motion is made in good faith and not for the purpose of undue delay.

18. This is Plaintiff's first request for an extension of time within which to effectuate service of process.

19. Plaintiff respectfully submits that none of the parties will be prejudiced by the grant of this extension.

20. On July 1, 2025, the undersigned contacted Doe, a *pro se* party, *via* the anonymous email address Doe used to provide Plaintiff with a copy of the Motion for Protective Orders, D.E. 7, to inquire whether Plaintiff could indicate Doe's consent to the relief sought in this motion.

---

[11] *But see Strike 3 Holdings, LLC v. Doe*, No. 23-2143, D.E. 8 at *4 6 (D.N.J. July 25, 2023) (granting extension of service deadline to account for motion to quash, but declining to extend deadline to allow the defendant an opportunity to file a motion for a protective order because "[t]o the extent Plaintiff is concerned about filing documents on the docket that identify the Doe Defendant by name, Local Civil Rule 5.3 provides a mechanism by which Plaintiff may file any such documents under temporary seal, and Defendant may then seek to permanently seal such documents in accordance with Local Civil Rule 5.3 and applicable case law").

21. On July 2, 2025, Doe responded *via* anonymous email address and indicated that because Plaintiff had opposed the Motion for Protective Orders, *see* D.E. 9, Doe would not consent to the relief requested in this motion.

22. I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 2, 2025                     By:   */s/ John C. Atkin, Esq.*
                                              JOHN C. ATKIN