## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 776-7858

July 24, 2025

To: All counsel of record

### LETTER OPINION AND ORDER

RE:   **Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP address 71.172.26.84**
      **Civil Action No. 25-3733 (JKS) (MAH)**

Dear Counsel:

This Letter Opinion and Order will address pro se Defendant John Doe Subscriber Assigned Internet Protocol Address 71.172.26.84's motion to proceed anonymously and for a protective order.   *See* Def.'s Mot. to Proceed Anonymously, June 30, 2025, D.E. 7.   For the reasons set forth below, the Court denies Defendant's motion.

### I.   BACKGROUND

Plaintiff Strike 3 Holdings, LLC ("Strike 3") is a Delaware limited liability company that owns the rights to various adult films.   *See* Compl., May 1, 2025, D.E. 1, ¶ 2.   Plaintiff alleges that Defendant pirated thirty-two of its films through a peer-to-peer file sharing network using Internet Protocol ("IP") address 71.172.26.84, in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.* *Id.* ¶¶ 4-6, 12, 28-50.   Strike 3 asserts "a major problem with Internet piracy," as its films are often the target of copyright infringers.   *Id.* ¶ 16.   To identify the alleged infringer(s), Strike 3 tracked the IP addresses of those who download and shared the copyright-

protected material. *Id.* ¶¶ 9, 27-36. Using the IP address suspected of pirating the material, Strike 3 then traced the location of the device used at the time of the download, utilizing geolocation technology. *Id.* ¶ 9. That information enabled Strike 3 to file suit in this Court, naming a John Doe placeholder as the defendant. *Id.* ¶¶ 7-12.

On May 9, 2025, Strike 3 sought leave to serve a subpoena on the Internet Service Provider, Verizon Online LLC ("Verizon"), to determine the subscriber of the IP address. Mot. for Leave to Serve a Third-Party Subpoena, D.E. 5. On June 6, 2025, this Court granted Strike 3's motion for leave to serve a subpoena on Verizon. *See* Letter Op. and Order, D.E. 6. On July 2, 2025, Plaintiff filed a motion for an extension of time to effectuate service so that the deadline to serve did not expire before the return date of the subpoena. Mot. to Extend Time to Serve, D.E. 10; Certification of John C. Atkin, Esq. ("Atkin Cert."), D.E. 10-1, ¶¶ 3-7. The Court granted Plaintiff's motion on July 10, 2025, and extended the deadline for service until October 4, 2025. Order, D.E. 13.

On June 30, 2025, Defendant filed the instant motion to proceed anonymously. *See* Def.'s Mot. to Proceed Anonymously, D.E. 7. Defendant argues that the Court should grant his motion to proceed anonymously because he has a reasonable fear of severe "reputational, emotional and psychological harm" to both him and his wife resulting from public disclosure. Def. Br. in Supp. of Mot. ("Def. Br."), D.E. 7-1, at 4. Specifically, Defendant argues that his fear of severe harm warrants allowing him to proceed anonymously, because he is a disabled Veteran who suffers from physical and mental health issues, and his wife is experiencing a high-risk pregnancy. *Id.* at 4-5. Defendant also argues that he has a reasonable fear that Plaintiff would use Defendant's public disclosure as an opportunity to "leverage" or "attempt to publicize" Defendant's personal information. *Id.* at 7. Strike 3 opposed Defendant's motion

2

on July 7, 2025. Pl.'s Br. in Opp. ("Pl.'s Br."), D.E. 9. Although Plaintiff purports to take "no position" on Defendant's request, it posits that the Court should deny the application because the public has a right to open courts, and Defendant filed the motion. *Id.* at 1.

## II. LEGAL STANDARD AND ANALYSIS

A core component of the American judicial system is that judicial proceedings should be conducted in public. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). As such, Federal Rule of Civil Procedure 10(a) requires that all parties identify themselves in pleadings. Fed. R. Civ. P. 10(a). However, courts have recognized that under limited circumstances a party may proceed via pseudonym "where disclosure of the litigant's identity creates a risk of 'extreme distress or danger[.]'" *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014).

The Third Circuit has adopted a nine-factor test to evaluate whether a party should be permitted to proceed anonymously. *Megless*, 654 F.3d at 408. The court must determine whether "a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Id.* The six factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409. It is not enough "[t]hat a plaintiff may suffer embarrassment or economic harm[.]" *Id.* (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008); *see Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, Civ. No. 11-10802, 2011 WL 5161453, at *7 (D. Mass. Oct. 31, 2011) (citation, alteration, and quotation marks omitted)

3

(stating that "mere embarrassment [is] not sufficient to override the strong public interest in disclosure" (alteration in original)) .  The three factors weighing against proceeding anonymously include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*  Because "each case presents a slightly different list of factors for courts to consider," these factors are not exhaustive.  *Id.* at 408.  In light of these principles, this Court addresses each factor in turn.[1]

### A. Factors Weighing in Favor of Anonymity

An evaluation of the factors weighing in favor of proceeding anonymously compels the conclusion that Defendant has not demonstrated a "reasonable fear of severe harm."  *Megless*,

---

[1] As an initial matter, the Court addresses Plaintiff's contention that Defendant's motion to proceed anonymously is "premature."  *Strike 3 Holdings, LLC v. Doe*, No. 24-10042, D.E. 13 at *11-12 n.5 (D.N.J. Jan. 30, 2025).  Plaintiff served a third-party subpoena on Defendant's ISP on June 5, 2025, which is not returnable until August 5, 2025.  Akin Cert. in Supp. Of Mot. to Extend Time to Serve, D.E. 10-1, ¶¶ 6,7.  Defendant's motion to proceed anonymously was filed on June 30, 2025, before Plaintiff received information responsive to the subpoena.  Plaintiff contends that the information it receives in response to the subpoena may reveal that Defendant is not the individual who has been infringing Plaintiff's copyrights.  *See* Pl.'s Br. in Opp., D.E. 9, at 8; *Strike 3 Holdings, LLC v. Doe*, Civil Action No. 24-10042 (CPO) (AMD), D.E. 13 at *11-12 n.5 (D.N.J. Jan. 30, 2025).  As of the date of this filing, Plaintiff has not yet received information responsive to the subpoena it served on Verizon.  Once Plaintiff obtains the identity of the IP subscriber and conducts its investigation to determine if the IP subscriber is the infringing party, it is conceivable that Defendant may not be that infringing individual.  Accordingly, the Court is persuaded that Defendant's motion is premature.  *See Strike 3 Holdings, LLC v. Doe*, Civil Action No. 24-10042 (CPO) (AMD), D.E. 13, at *11-12 n.5 (D.N.J. Jan. 30, 2025) (holding that a defendant's premature motion to proceed anonymously "may be denied without prejudice on this basis alone.").  But if the Defendant is the account subscriber, or a direct relation of the subscriber, it is conceivable that the Defendant learned of this litigation through notice of the subpoena from the service provider.  Accordingly, the Court will address the substantive basis for denying Defendant's motion.  *Id.*

654 F.3d at 408.

The first *Megless* factor supporting anonymity requires the Court to examine the extent to which Plaintiff's anonymity has been maintained. *See Megless*, 654 F.3d at 407, 410. This factor does not support anonymity where the identity of the party seeking confidentiality has not been kept confidential. *Id.* (finding that plaintiff's identity had not been kept confidential because prior to the litigation defendant shared plaintiff's name and other characteristics on a flyer). In this case, Defendant's identity has remained confidential, and Defendant has endeavored to maintain his anonymity. For example, Defendant has redacted all exhibits he filed in support of the instant motion so that neither his name nor address is public. Accordingly, the Court finds that this factor weighs in favor of Defendant's use proceeding anonymously. *See Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *3 (D.N.J. Aug. 7, 2018) (concluding that this factor weighs in favor of parties "who 'make substantial efforts to maintain anonymity' and 'limi[t] the disclosure of sensitive information to few other people'").

The second factor examines the substantiality of Defendant's fear of public disclosure. *See Megless*, 654 F.3d at 410. The Court finds that this factor does not weigh in favor of Defendant's request to proceed anonymously. Defendant makes three main arguments in support of this factor. The Court addresses each in turn.

Defendant first asserts that due to the sensitive nature of the litigation, he would "face a substantial risk of harassment, community stigma and unwanted attention" because of reputational harm. Def.'s Decl., D.E. 7-2, at 5. But courts have repeatedly held that embarrassment or concern for one's reputation, without more, is insufficient to support anonymity. *See Megless*, 654 F.3d at 408 ("It is not enough that a plaintiff may suffer embarrassment or economic harm . . . ."); *see also Strike 3*, 637 F. Supp. 3d at 196-97 ("Merely

stating that his reputation would be irreparably tarnished…does not meet the threshold for anonymity"); *see also Malibu Media, LLC*, No. 12-7789, 2013 WL 229295 at *6 (holding "[t]he risk of reputational injury does not present an undue burden").[2]  Therefore, the Court finds Defendant's assertion of a reasonable fear of severe harm to his reputation insufficient to support granting Defendant's request to proceed anonymously.

Defendant also argues that he faces a reasonable fear that "plaintiff may attempt to publicize or otherwise leverage the defendant's identifying information . . . [,]" which would lead to severe harm.  Def.'s Br., D.E. 7-1 at 7.  But this fear that Plaintiff might seek to utilize Defendant's identity in some form of "bad faith" attempt "to coerce a settlement is entirely speculative and unsupported."  *Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP address 173.63.148.25*, 2020 WL 5525549 at *4 (D.N.J., 2020) (citing *Strike 3 Holdings, LLC v. Doe*, 337 F. Supp.3d 246, 257 (W.D.N.Y. 2018) (concluding "there is no evidence that Plaintiff has engaged in any of the abusive practices used by similar [p]laintiffs")).  Because Defendant's concern is entirely speculative, the Court declines to find that this fear supports a finding that anonymity is warranted.

Finally, Defendant asserts that his ongoing physical and mental medical conditions "would likely" or "could" worsen if his identity is disclosed.  Defendant also is concerned that exacerbation of his mental and medical conditions might place his wife's health in danger due to her high-risk pregnancy.  *See* Def.'s Decl., D.E. 7-2, at 4, ¶¶ 2-3.  Defendant provided redacted exhibits as evidence, displaying his various diagnoses and treatments, as well as evidence of his wife's high-risk pregnancy.  *See* Exs. A-M, D.E. 12.  The Court is certainly

---

[2]  The Court notes that while Defendant cites *Malibu Media, LLC v. Doe*, 2014 WL 6474086 (D.N.J. Nov. 18, 2014) and *Strike 3 Holdings, LLC v. Doe*, No. 20-14396 (D.N.J. 2021) in order to support his position, the Court could not locate and thereby could not verify these cases.

appreciative of Defendant's status as a Veteran, as it is mindful of Defendant's and his wife's health issues. But courts have held that "without corroboration from medical professionals . . . [a] general allegation of potential trauma is 'mere speculation about a risk of psychological injury that cannot support [a] motion to proceed under a pseudonym[.]" *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) (citation omitted); *see also Doe v. Hillsborough Twp. Bd. of Ed.*, No. 23-22597, 2024 WL 4028293, at *8 (D.N.J. Aug. 30, 2024) (declining to grant anonymity because a party's "fear that disclosure of his identity will exacerbate his and spouse's alleged anxiety, depression, and mental health issues is speculative and not reasonable"); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) (granting a motion to proceed anonymously because Plaintiff was able to provide substantial evidence, corroborated by his doctor, that his mental health would worsen significantly if his identity became public). Defendant did not include any evidence substantiated by his doctor that his mental health would decline if his identity were to be disclosed. Therefore, Defendant's conclusory assertion that his mental health will decline if his identity is disclosed is insufficient to meet his burden. Accordingly, the Court concludes the second factor does not weigh in favor of Defendant's request to proceed anonymously.

With respect to the third factor, the Court must consider the magnitude of the public interest in maintaining the confidentiality of the litigant's identity. *Megless*, 654 F.3d at 410. Specifically, the Court must determine whether "if this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated[.]" *Id.* After considering the above question, along with the present facts, this Court finds that the public will remain virtually unaffected by its decision to deny Defendant's motion. In this copyright infringement action, the only conceivable fear of

7

harm is to Defendant's reputation. However, there is nothing before the Court from which it can conclude that harm to Defendant's reputation and his and his wife's health is so exceptional such that this factor weighs in favor of anonymity. Indeed, as noted above, it is not enough that Defendant may suffer embarrassment, and reasonable fear of potential exacerbation of mental health conditions must be corroborated by a medical professional. *See Megless*, 654 F.3d at 408; *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020). To be sure, Strike 3 brings many copyright infringement actions every year in this Court and defendants always face hurdles unique to their circumstances. But unless those hurdles will cause those defendants severe harm, the public's inherent interest in obtaining the identity of the parties outweighs those defendants' desire to proceed anonymously. *See Strike 3 Holdings, LLC v. Doe*, 637 F. Supp. 3d 187, 199-200 (D.N.J. 2022) (noting that "it certainly cannot be the case that anonymity is warranted for every defendant sued by Plaintiff simply because Plaintiff's copyrighted works are adult films"). Therefore, this factor does not weigh in favor of granting Defendant's motion.

The fourth factor considers "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities[.]" *Megless*, 654 F.3d at 409; *see also L.A. v. Hoffman*, No. 14-6985, 2015 WL 4461852, at *3 (D.N.J. July 21, 2015) (finding it appropriate to grant plaintiffs' request to proceed anonymously where plaintiffs raised a constitutional challenge to a statute as it applied generally to a class of people, a purely legal question, rather than how the statute applied to each plaintiff based on the facts and circumstances of each plaintiff). Conversely, where a claim is predominantly fact dependent, this factor weighs against anonymity. *See Doe v. Rider University*, No. 16-4882, 2018 WL 3756950, at *6 (D.N.J. Aug. 7, 2018) (finding this factor weighs against anonymity because, unlike *Hoffman*, plaintiff's claims were fact dependent).

Plaintiff's copyright claims are largely fact dependent. The viability of those claims will turn on fact issues such as whether the Plaintiff owned or otherwise enjoyed copyright protection for the material in question, whether Defendant copied or reproduced that material, the circumstances of any such copying and reproduction, and if so, the extent to which that copying or reproduction injured the Plaintiff. *See Marimar Textiles, Inc. v. Jude Clothing & Accessories Corp.,* Civ. No. 17-2900, 2017 WL 4391748, at *3 (D.N.J. Oct. 2, 2017) ("In order to establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'") (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)). Thus, the Court cannot find that this factor weighs in favor of granting Defendant's request to proceed under a pseudonym.

The fifth factor requires the Court to determine whether "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified[.]" *Megless*, 654 F.3d at 409. This factor is typically reserved for consideration when a plaintiff seeks to proceed anonymously as it questions to pursue the litigation. *Id.* at 410. Because it is Defendant who seeks to proceed anonymously here, the Court finds this factor inapplicable.

Turning to the sixth factor, this Court finds that there is no evidence to demonstrate that Defendant is seeking to use a pseudonym for an illegitimate or ulterior motive. *Megless*, 654 F.3d at 411. Accordingly, this factor has no bearing on this Court's determination. *Id.*

### B. Factors Weighing Against Anonymity

As to the factors weighing against proceeding anonymously, the Court first considers whether there is a "universal level of public interest in access to the" litigants' identities.

9

*Megless*, 654 F.3d at 409. Although this litigation does not appear in any way to be a high-profile case, the public generally has a high level of interest in knowing litigants' identities. *See Princeton Univ.*, 2019 WL 5587327, at *6 (citing *Doe v. Temple Univ.*, No. 14-4729 (E.D. Pa. Sept. 3, 2014)). The Third Circuit has instructed that transparency is an essential aspect of any judicial proceeding, and the public has a right to know who is using the courts. *Megless*, 654 F.3d at 408. Thus, this factor weighs against granting Defendant's motion.

Next, the Court considers "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained[.]" *Megless*, 654 F.3d at 409. As noted above, the subject matter of this litigation, copyright infringement, is quite common and Strike 3 maintains numerous such cases in this District. Further, although the Defendant's identity is unknown to the Court, there is nothing thus far to suggest that the Defendant is a public figure. There is not a heightened public interest beyond the public's typically strong interest in judicial proceedings. Accordingly, the Court finds there is no heightened interest in knowing Defendant's identity.

Finally, the Court considers "whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Megless*, 654 F.3d at 409. No one has submitted opposition to this portion of Defendant's motion.[3] In the absence of any opposition,

---

[3] It bears noting that Plaintiff's counsel indicates that he does not oppose Defendant's request to proceed anonymously. However, Chief Judge Bumb recently held that mere assent to this relief may be improper. *See Strike 3 Holdings, LLC v. Doe*, 637 F. Supp. 3d 189, 199-200 (D.N.J. 2022). In so concluding, Chief Judge Bumb found that the public has a presumptive right of access to judicial proceedings and the anonymity inquiry is for the Court alone to decide. *Id.* at 199. Moreover, the Third Circuit also recently instructed that "simply wanting to proceed anonymously is not enough to overcome the 'thumb on the scale that is the universal interest in favor of open judicial proceedings.'" *Doe v. Cap. Health Sys. Inc.*, No. 23-2882, 2024 WL

the Court cannot find illegitimate motives. Thus, this factor has no bearing on the Court's analysis.

On balance, the pertinent factors weigh against allowing Defendant to proceed anonymously through the use of a pseudonym. For these reasons, the Court denies Defendant's motion for a protective order to proceed anonymously.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for a protective order to proceed anonymously, D.E. 7, is **denied.**

**SO ORDERED.**

*/s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

175947, at *1 (3d Cir. Jan. 11, 2024) (citation omitted). For the reasons stated, the Court finds that Defendant has failed to carry his burden of tipping the scale in his favor.